Attorney Client Privilege—Work Product

RECEIVED NOV 20 2023 SEAN F. COX U.S. DISTRICT JUDGE

(4)

United States vs. Jorj Austin

FILED NOV 20 2023 CLERK'S OFFICE DETROIT

To: Chief Judge Sean Cox

Affidavit

Case # 22-20202

: Petition for writ of Habeas Corpus
: Failure to provide timely Preliminary
: hearing or Discharge Defendant
: 18 U.S.C. § 3060(d)

Objection to continuances that are on the docket
Appointment of Judge Lawson (new Judge/non-bias) to be petitioner's judge instead of current.

1. Petitioner is currently in the custody of Midland County Jail, and the Captain/Warden: Derocher, located in Midland, MI at the order of the United States Attorney, District of Eastern Detroit.

2. The cause or pretext of the detention is a crim complaint/indictment initially. The detention and restraint is unlawful in that the petitioner has been deprived of an immediate preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure and Section 3060(b)(1) of Title 18 of the United States Code by surreptitious/clandestine means (ways) with intent on obtaining villeinous judgment. Petitioner has never waived his right to a pre-lim and he doesn't consent to the preliminary hearing having being waived or maliciously skipped over. Petitioner is actually deprived of his right to a preliminary hearing or discharge from custody becaus he has been incarcerated for 23 months (2yrs) without bond.

3. The petitioner did not consent to any waiver of a preliminary hearing or untimely preliminary hearing.

4. Section 3060(d) of Title 18 of the United States Code unequivocally provides: "an arrested person who has not been accorded the pre-lim examination required... with the period of time fixed by the judge or magistrate judge in compliance with...[the time limits of both Section 3060 and Rule 5.1(b)], shall be discharged from custody or from the requirement of bail or any other condition of release..."

5. A delay of this long duration is unreasonable and is tantamount to a denial of the petitioner's constitutional right to due process of law (which were asserted on May 11th 2023, Detention/Bond hearing).

6. Petitioner further re-asserts his rights to a speedy trial, does not approve

"Where there is no jurisdiction, there is no discretion, for discretion is incident to jurisdiction". Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872)

<u>Legal Maxim</u>: Those who doesn't assert their rights has no rights.

There can be no sanction or penalty imposed upon one because of his exercise of his Constitutional rights — Sherar v. Cullen, 481 F.945" any further continuances and further objects to continuances that are on his docket. Petitioner reserves the right to raise arguments to prior unapproved continuances.

Petitioner's been prejudiced. And proof of prejudice is "pretrial incarceration/detention, as mentioned in "<u>Barker V. Wingo, 407 U.S. 514, 92 S.Ct. 218 (1972)</u>" If you are locked up in pretrial incarceration you are considered <u>prejudiced</u>."

7. The Judge/magistrate on my case continues to show bias to petitioner to his detriment, as he is a victim of contrivance, such as his bond hearing was denied through the <u>mail</u>, all the while being based upon false pretenses, and as a result petitioner was denied due process (right to "have day in court" for all process).

8. Appointed counsel purposely waited 2 weeks to put in a motion to be taken off of petitioner's case back in early, first week and a half of July, instead of doing paperwork for appeal of bond/bail. Instead of appointing new counsel or taking lawyer off case, the magistrate/Judge intentionally keeps attorney on case, just so he can/will be used to allow non consented to continuances, which is an unconstitutional ploy used by prosecutor and judge/magistrate to get "free time" out of you due to bias/prejudice, as a form of punishment as mentioned — "Otherwise, if the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment. See Alston, 420 F.2d at 179-80. The Third Circuit has clearly recognized that a defendants' due process guarantees require release in the event of unduly prolonged pretrial detention. See United States v. Accetturo, 783 F.2d 382, 388 (3rd Cir. 1986).

9. Petitioner was also unconstitutionally told he was going to be sent out for a Mental Health Eval. because I exercised my God-given, and also legal right to challenge jurisdiction. "We (Judges) have no more right to decline the exercise of jurisdiction which is <u>given</u>, than to usurp that which is <u>not</u> given. The one or other would be treason to the Constitution — Cohen v. Virginia (1821)

William Blackstone — (a legal maxim) Every right when withheld must have a remedy and every injury its proper redress. — 5 U.S. 137, Marbury v. Madison

Signed: x [signature]   Dated: 10-1-23

I declare under penalty of perjury that the afforementioned is true and correct So Help me God.

9. Petitioner was relayed message on the 5th of July, that he was now scheduled to a Mental Health Evaluation in Chicago, Illinois, and the whole phase/process wasn't done until November/December, which is when I arrived back in Michigan, and he didn't go to court about the evaluation until January 19, 2023. Still no trial.

☆☆ Also..... however,

United States v. Taylor, 487 U.S. 326 (Supreme Court, 1988) ☆☆

(Pre-Trial Barker Test)

due to the desire of the United States Marshall Service (USMS) to assemble other prisoners for transport rather than return the accused alone, and due later to a recall of the aforementioned narcotics case, the accused did not arrive in Washington until May 17. The District Court subsequently granted the accused's motion to dismiss,

"The length of delay, a measure of the seriousness of a speedy trial violation, in some ways is closely related to the issue of the prejudice to the defendant. The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty. Inordinate delay between public charge and trial, wholly aside from possible prejudice to defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."

Petitioner received a complaint (Criminal/Federal) Feburary 08th or so of 2022 while in Minnesota at Hennepin County Jail for charges (State) related to the petitioner's (Federal) case, and in early March of 2022, he was transported to (by Airplane) Grady County Jail, Oklahoma, where he waited for the Marshall Service (USMS) to assemble other prisoners for transport rather than return the the petitioner/accused alone. He didn't arrive in Mich. around April 2nd or so. Petitioner has had numerous speedy trial violations.

Jorj Austin
Midland County Jail
105 East Ice Drive
Midland, MI 48642

The writer of this letter
is an Inmate in the
Midland County Jail
Midland, MI 48642.

© USPS 2019

METROPLEX MI 480
16 NOV 2023 PM 7 L

Care of: Chief Judge Sean Cox
Federal Courthouse 231 W. Lafayette blvd.
Detroit, MI 48226
Theodore Leven building
48226-270099