UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORJ MICHAEL AUSTIN,

    Defendant.
_____/

Case No. 22-20202

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS [52]**

Defendant Jorj Michael Austin is charged in a four-count indictment with attempted sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count One); sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count Two); distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count Three); and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Four). (ECF No. 13.) The matter is now before the Court on Defendant's pro se motion seeking in part dismissal of this case. (ECF No. 52.) The government opposes the motion. (ECF No. 54.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motion will be decided on the briefs and without oral argument. For the reasons below, the Court DENIES Defendant's motion.

**I.    Background**

A criminal complaint was filed in this matter on February 17, 2022. (ECF No. 1.) The accompanying affidavit indicates that Defendant had picked up a sixteen year old girl who was living with her father in Minnesota and driven her back to Michigan. Defendant had met the minor victim when she was living with her mother in Michigan, and they had

1

had a sexual relationship. A subsequent search of Defendant's electronics revealed extensive communication between the two and the exchange of child pornography. Defendant made his first appearance on the complaint in this district on April 1, 2022. Defendant was ordered detained pending trial. (ECF No. 12.) On April 12, 2022, a grand jury returned the four-count indictment against Defendant. (ECF No. 13.)

Defendant consented to an adjournment of the initial trial date from May 24, 2022 until July 26, 2022. (ECF No. 18.) Following a pretrial conference that took place on July 5, 2022, the court referred Defendant for a mental competency examination and set a mental competency hearing due to "defense counsel's concerns and the [c]ourt's observation of Austin at the pretrial conference."[1] (ECF No. 21.) While the matter of Defendant's competency was still pending, Defendant made a request for new counsel and his first attorney withdrew from this case. (ECF No. 23.) New counsel was appointed and appeared on behalf of Defendant. (ECF No. 24.) Following a mental health examination and two hearings before the court, Defendant was found competent to stand trial on March 15, 2023. (*See* ECF No. 39.) At the hearing that took place that day, Defendant requested an additional six months to prepare for trial. Trial was scheduled for September 2023. On March 16, 2023, Defendant filed a motion seeking revocation of the detention order. (ECF No. 31.) After extensive briefing and a hearing, the motion was denied on June 28, 2023. (ECF Nos. 34, 38, 44, 45, 46.)

---

[1] During the pretrial conference, "Austin himself stated that he did not sign the Acknowledgement of the Indictment at the time of arraignment and he does not understand 'legalese.' Austin repeatedly indicated the charges against him were unconstitutional and questioned the Court's 'personal jurisdiction' over the matter. Despite advice from his counsel and the Court on speaking in open court, Austin did not heed such advice, repeatedly interrupting the Court and counsel." (ECF No. 21, PageID.55.)

On July 6, 2023, Defendant's second attorney filed a motion to withdraw. (ECF No. 47.) While that motion was still pending, on November 17, 2023, this case was reassigned from the Honorable Denise Page Hood to the Honorable Nancy G. Edmunds pursuant to Administrative Order 23-AO-059. A few days later,[2] Defendant filed the present pro se motion raising arguments regarding not being afforded a preliminary examination, his Sixth Amendment right to a speedy trial, and reassignment of this case to a different judge. (ECF No. 52.) The motion to withdraw was heard and granted by this Court on December 4, 2023. New appointed counsel has since appeared on behalf of Defendant. (ECF Nos. 53, 55.)

## II.     Preliminary Examination

Defendant takes issue with not being provided a preliminary examination. But as the government notes, a grand jury returned an indictment against Defendant prior to the scheduled preliminary examination. The indictment "superseded the complaint procedure and eliminated the necessity of a preliminary hearing." *See United States v. Mulligan*, 520 F.2d 1327, 1329 (6th Cir. 1975) (citation omitted). Thus, there was no violation of Defendant's rights on this basis.

## III.    Sixth Amendment Right to a Speedy Trial

Defendant invokes his Sixth Amendment right to a speedy trial and requests dismissal of this case. The government argues that Defendant's constitutional rights have not been violated.

---

[2] Defendant's motion is postmarked November 16, 2023, but it was received on November 20, 2023 and entered on the docket on December 1, 2023.

In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the Supreme Court set forth the following four factors to assess when determining whether a defendant's Sixth Amendment right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant. "No one factor constitutes 'a necessary or sufficient condition to the finding of a deprivation of the right of a speedy trial. Rather they are related factors and must be considered together with such other circumstances as may be relevant.'" *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006) (quoting *Barker*, 407 U.S. at 533).

"The length-of-delay factor serves as a threshold inquiry[;] . . . a delay of one year is presumptively prejudicial and triggers application of the remaining three factors." *Bass*, 460 F.3d at 836. Defendant states that he has been incarcerated for twenty-three months, but he was initially in state custody in Minnesota. Nonetheless, it has been about twenty months since Defendant was arrested in this matter. Thus, the length of the delay is sufficient to trigger application of the remaining factors.

The second factor is the reason for the delay. Defendant consented to an adjournment of the initial date from May 24, 2022 until July 26, 2022. (ECF No. 18.) During this adjournment, the court ordered a mental competency examination. (ECF No. 21.) Defendant now takes issue with the need for the evaluation, but Defendant himself argued he was incompetent during those proceedings while the government opposed such a finding. (ECF Nos. 36, 37.) And during the hearing, a forensic psychologist opined that Defendant was malingering. (ECF No. 36, PageID.256.) After the court found Defendant competent to stand trial, at a hearing on March 15, 2023, the government indicated it could be ready for trial within thirty days. (ECF No. 37, PageID.315.) But it was Defendant

4

who then requested an additional six months to prepare for trial. (*See id.* at PageID.317-22.) Defendant waived his right to a speedy trial for this time period on the record himself. (*Id.* at PageID.323-28.) The next day, Defendant filed a motion seeking revocation of the detention order. After extensive briefing and a hearing, the motion was denied on June 28, 2023. On July 6, 2023, Defendant's second attorney in this matter filed a motion to withdraw. While there was some delay that is not attributable to Defendant in hearing that motion, the case was eventually reassigned to this Court at which time the motion was quickly heard and granted. In sum, much of the delay can be attributed to the time it took to complete the mental competency examination and competency hearing and allow Defendant to change his counsel twice. Defendant also requested additional time to prepare for trial. Moreover, "there is no suggestion that the government acted with bad faith or had a dilatory motive, and the record does not reveal any 'official negligence' by the government." *See United States v. Brodie*, 326 F. Supp. 2d 83, 88 (D.D.C. 2004) (quoting *Doggett v. United States*, 505 U.S. 647, 656-57 (1992)). Thus, for the most part, the second factor weighs against Defendant.

The third factor is the defendant's assertion of his right. Defendant states he asserted his right to a speedy trial during a hearing on May 11, 2023. A review of the transcript of that hearing, however, reveals that counsel had actually indicated that he may need more time beyond the September trial date due to pre-trial motions he would be filing. (*See* ECF No. 43, PageID.378-79.) And any reference to a speedy trial was within the context of seeking revocation of the detention order, not requesting a speedy trial. In a hearing that had taken place two months prior, Defendant requested an adjournment of six months and expressly waived his right to a speedy trial on the record.

5

(ECF No. 37, PageID.317-28.) Defendant had previously agreed to exclude a certain period of time from the speedy trial calculus as well. (ECF No. 18.) Overall, this factor weighs against Defendant.

Finally, there are three interests that a court should consider "when determining whether a defendant suffered actual prejudice: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the defense was impaired." *Bass*, 460 F.3d at 837 (citing *Barker*, 407 U.S. at 532). Defendant has been detained during the pendency of this case, but he does not point to any particular anxiety or concern. Nor is there any evidence that would suggest his defense is impaired. Of the three relevant interests, "'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious.'" *Id.* Absent evidence the defense is impaired, the fourth factor does not weigh in favor of Defendant.

In sum, after considering the relevant factors as a whole, the Court finds that no Sixth Amendment violation has occurred. Defendant's request for dismissal of this case is denied.

IV.    **Reassignment of Judge**

Defendant also seeks reassignment of this case to Judge Lawson or a new judge. Because this case has been reassigned to Judge Edmunds, Defendant's request is largely moot. To the extent Defendant requests Judge Lawson in particular, "a defendant does not have a right to have his case heard by a particular judge." *See Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984). Defendant's request is therefore denied.

6

**V.      Conclusion**

For the reasons set forth above, Defendant's motion is DENIED.

SO ORDERED.

                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: December 27, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 27, 2023, by electronic and/or ordinary mail.

                                          s/Lisa Bartlett
                                          Case Manager