UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORJ MICHAEL AUSTIN,

    Defendant.
_____/

Case No. 22-20202

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S SECOND MOTION
FOR REVOCATION OF DETENTION ORDER [61]**

Defendant Jorj Michael Austin is charged in a four-count indictment with attempted sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count One); sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count Two); distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count Three); and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Four).[1] (ECF No. 13.) The matter is before the Court on Defendant's second motion for revocation of detention order. (ECF No. 61.) The government opposes the request. (*See id.* at PageID.449.) The Court has reviewed the record and does not find a hearing necessary. For the reasons below, the Court DENIES Defendant's motion.

Defendant appeared before Magistrate Judge David R. Grand for a detention hearing on April 5, 2022 and was ordered detained pending trial. (ECF No. 12.) Magistrate

---

[1] This case was originally assigned to the Honorable Denise Page Hood. On October 17, 2023, it was reassigned to the Honorable Nancy G. Edmunds pursuant to Administrative Order 23-AO-059.

1

Judge Grand found that Defendant had not introduced sufficient evidence to rebut the presumption of detention that arises in this case under 18 U.S.C. § 3142(e)(3) and that the government had proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community and by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. (*Id.* at PageID.34.) The reasons for detention included: "weight of evidence against the defendant is strong," "subject to lengthy period of incarceration if convicted," and "use of alias(es) or false documents." (*Id.* at PageID.34-35.) In further explanation of these findings, Magistrate Judge Grand found "[t]he factors the Court must consider as to Austin's dangerousness and risk of non-appearance strongly favor detention" and that Defendant "poses a specific danger to [minor victim 1]." (*Id.* at PageID.35.)

On March 16, 2023, Defendant filed his first motion for revocation of detention order.[2] (ECF No. 31.) After extensive briefing and a hearing before District Judge Hood on May 11, 2023, the motion was denied. (ECF Nos. 34, 38, 44, 45, 46.) Judge Hood issued a detailed written order, discussing the relevant factors and summarizing her findings as follows:

> Based on the parties' submissions, proffer, arguments, the Pretrial Services Reports and this Court's observations of Austin at various hearings, after weighing the factors the Court must consider, the Court finds that Austin has not rebutted the presumption of detention. Austin is a danger to the community, and, specifically to the victim in this case. In addition, *even if the Court were to consider release*, there are no suitable third-party custodians, nor a suitable residence available to Austin. The [Community Confinement Center] is not a suitable option since there is no guarantee of

---

[2] Defendant was represented by his former counsel at the time. That attorney has since withdrawn from this case and Defendant is currently represented by new counsel. (*See* ECF Nos. 53, 55.)

>bed space for pretrial detainees who may be removed without notice. As set forth above, Austin also poses as a risk of flight.

(ECF No. 46, PageID.401-02 (emphasis added).)

Defendant now moves for revocation of the detention order again. (ECF No. 61.) Defendant relies primarily on the fact that his father and sister have expressed an interest in serving as third-party custodians and his belief that they would be suitable third-party custodians who could reside with him if he is granted release. But Defendant does not make any new arguments that would lead to different findings regarding his dangerousness and the risk of non-appearance. Because Defendant has not presented anything that would change that analysis, there is no need to explore the suitability of his suggested third-party custodians. Accordingly, Defendant's second motion for revocation of detention order is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 4, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 4, 2024, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager