No. 24-1235

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 28, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff-Appellee, | ) |
| | ) |
| v. | )    O R D E R |
| | ) |
| JORJ MICHAEL AUSTIN, | ) |
| | ) |
|    Defendant-Appellant. | ) |

Before: BOGGS, MOORE, and MURPHY, Circuit Judges.

Defendant Jorj Michael Austin appeals the denial of his motion to reopen his pretrial-detention proceedings. He asserts that the district court erred in denying reopening because it failed to consider whether his father and sister were suitable third-party custodians and that his continued detention violates due process. The government urges the court to affirm, asserting that regardless of whether his family members are suitable custodians, Austin failed to present new evidence material to his dangerousness or flight risk; thus, the factors governing detention continue to support his pretrial detention. We unanimously agree that oral argument is unnecessary. *See* Fed. R. App. P. 34(a)(2)(C).

The district court may reopen a detention hearing if it finds that information exists that (1) was not known to the defendant at the time of the original hearing and (2) "has a material bearing on the issue whether there are conditions of release that will reasonably assure" the defendant's appearance and "the safety of any other person and the community." 18 U.S.C. § 3142(f). We review the denial of a motion to reopen for an abuse of discretion. *See United*

*States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012). Here, the district court denied reopening, finding that even if Austin had a suitable custodian, it did not impact the district court's conclusion that Austin posed both a danger to others and a flight risk. That determination rested on the district court's prior conclusion that pretrial detention was warranted.

A defendant may be detained pretrial if, after conducting a hearing, a judicial officer determines that "no condition or combination of conditions" will reasonably assure the defendant's appearance and "the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness . . . by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (order) (citing *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)). We review a district court's factual determinations for clear error and review mixed questions of law and fact (including whether detention is warranted) de novo. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

A statutory rebuttable presumption of detention arises when there is probable cause to believe that the defendant committed an offense involving a minor victim that involved sexual exploitation or distribution of child pornography. *See* 18 U.S.C. § 3142(e)(3)(E). The grand jury indictment, standing alone, establishes probable cause to believe that the defendant committed the offenses with which he is charged. *Stone*, 608 F.3d at 945. Thus, the presumption applies to Austin, who is charged with multiple sex offenses involving minors. Because Austin presented some evidence to rebut the presumption, however, it becomes one of several factors that must be weighed by the district court. *Id.* Those other factors are: (1) the "nature and circumstances of the offense"; (2) the "weight of the evidence against the" defendant; (3) the "history and characteristics" of the defendant; and (4) the "nature and seriousness of the danger to any person or the community that would be posed" by the defendant's release. 18 U.S.C. § 3142(g)(1)−(4).

Nearly every factor supports the district court's conclusion. Austin's charged offenses involve a minor victim, 18 U.S.C. § 3142(g)(1), and if convicted, he is subject to lengthy sentences, *see* 18 U.S.C. §§ 2251(e), 2252A(b)(1)−(2). Among other things, Austin is charged with sexual exploitation of minors as well as distribution and possession of child pornography. The record supports the district court's findings that Austin knowingly engaged in a sexual relationship with a minor, had her produce sexual images for him, traveled across state lines to get her after she left the state to get away from him, threatened and physically assaulted her, and attempted to evade detection by lying to authorities and threatening the victim and her family. Although Austin has community ties, prior employment, and a lack of prior convictions, he has questioned the district court's jurisdiction over his proceedings, and his psychological evaluation diagnosed him with malingering. *See* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 726 (5th ed. 2013) (defining "malingering" as "the intentional production of false or grossly exaggerated physical or psychological symptoms, motivated by external incentives such as . . . evading criminal prosecution"). Lastly, "[r]eceipt, distribution, and possession of child pornography are extremely dangerous to the community, particularly because such activities are often hidden from a defendant's closest friends and family members." *United States v. Fei Guo Tang*, No. 3:19-cr-00014, 2019 WL 2453655, at *4 (E.D. Ky. June 12, 2019). And "[a]llegations of enticing a child to engage in sexual activity are particularly dangerous and pose a threat" not easily mitigated. *United States v. Cornish*, 449 F. Supp. 3d 681, 686−87 (E.D. Ky. 2020). Collectively, these factors support the district court's finding that Austin poses a risk of nonappearance and a danger to others and that, even were there a suitable custodian, he should be detained pretrial.

Austin also notes that pretrial detention can violate due process when it amounts to "punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see United States v. Nero*, 854 F. App'x 14, 16 (6th Cir. 2021) (order) ("A lengthy pretrial detention can violate the Due

No. 24-1235
-4-

Process Clause of the Fifth Amendment when it lasts long enough to become punitive."). But Austin concedes that he never "formally" raised any due-process argument in the district court. He also does not cite—let alone attempt to meet—the plain-error standard that applies to forfeited arguments. *See United States v. Montgomery*, 998 F.3d 693, 698 (6th Cir. 2021). So we will not consider this issue on forfeiture grounds alone.

Accordingly, we **AFFIRM** the district court's denial of reopening and Austin's continued pretrial detention.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk