UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JORJ MICHAEL AUSTIN,<br><br>    Defendant. | Case No. 22-cr-20202<br><br>Honorable Robert J. White |

**ORDER GRANTING MOTION TO ALLOW DEFENDANT USE OF ELECTRONIC COMMUNICATIONS TO CONTACT COUNSEL WHILE IN DETENTION (ECF No. 114)**

Defendant Jorj Michael Austin moved for an order directing the Bureau of Prisons (BOP) and United States Marshals Service (USMS) to allow him access to available electronic communications to contact counsel in advance of his upcoming trial. (ECF No. 114, PageID.759). Austin's trial is scheduled to begin on January 6, 2026, (ECF No. 95), and he is currently detained at FCI Milan. (*Id.* at PageID.760). The Government did not oppose the motion. (ECF No. 114, PageID.761).

At a status conference held before the Court on November 17, 2025, Austin asserted that he faced issues communicating with his attorney while detained. (ECF No. 104, PageID.723–25). The Court instructed USMS to "make sure that whatever kind of communication mechanism pretrial detainees have at Milan he has access

to." (*Id.* at PageID.724).  USMS indicated it would look into the matter. (*Id.* at PageID.724–25).  In subsequent correspondence with FCI Milan staff member J. Shell, Shell informed Austin that he lacked email access based on his "Walsh Assignment." (ECF No. 114, PageID.760, 775).  At present, Austin is unable to access email services. (ECF No. 114, PageID.760).  However, at the last status conference on December 19, 2025, the Court confirmed that Austin otherwise retained all available communication with his counsel, to include phone calls, in person visits at Milan, and access to his attorney before and after hearings in Court.

The Court presumes that by "Walsh Assignment," J. Shell referred to the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. § 16901, *et seq*. (2006).  That statute applies largely to *convicted* sex offenders. *See* 42 U.S.C. § 16901 (listing the "Declaration of purpose" for the statute as protecting the public from sex offenders and offenders against children); *see also* § 16911(1) (defining a "sex offender" as "an individual who was convicted of a sex offense").  Here, Austin is awaiting trial and has no previous convictions.  So it is highly unlikely that he qualifies for a "Walsh Assignment," at least based on the information available to the Court.

The BOP's March 14, 2018 Program Statement also emphasizes that email correspondence should be restricted only "when absolutely necessary." (ECF No. 114, PageID.779).  There is nothing in the guidelines limiting a pre-trial detainees'

2

access to counsel. (*Id.*). As a result, the Court finds that the BOP lacks a basis to restrict Austin's access to email correspondence with his counsel. Accordingly,

IT IS ORDERED that the motion to allow defendant use of electronic communications to contact counsel while in detention (ECF No. 114) is GRANTED.

IT IS FURTHER ORDERED that FCI Milan must allow Austin access to email to correspond with counsel as expeditiously as possible, and no later than three days after the issuance of this Order.

Dated: December 23, 2025                s/Robert J. White
                                        Robert J. White
                                        United States District Judge