UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JORJ MICHAEL AUSTIN,

     Defendant.

Case No. 22-cr-20202

Honorable Robert J. White

---

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE A NEW TRIAL (ECF No. 132)**

---

Defendant Jorj Austin moved for an acquittal, or in the alternative, a new trial, following his conviction for crimes related to sexual exploitation of minors and child pornography. (ECF No. 132, PageID.1115). The Government opposed the motion. (ECF No. 134). For the reasons explained below, the Court will deny Austin's motion.

## I.    Background

After a five-day trial, a jury convicted Austin of all seven counts brought against him. (ECF No. 126). The counts, as listed in the second superseding indictment, included:

- Count One: attempted sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e);

- Count Two: sexual exploitation of children in violation of § 2251(a);

- Count Three: sexual exploitation of children in violation of § 2251(a);

- Count Four: distribution of child pornography in violation of § 2252A(a)(2);

- Count Five: attempted sexual exploitation of children in violation of § 2251(a) and (e);

- Count Seven: possession of child pornography in violation of § 2252A(a)(5)(B); and

- Count Eight: attempted coercion and enticement in violation of § 2422(b).

(ECF No. 99; ECF No. 126).

Austin's charges stemmed from his interactions with two victims, both of whom were minors at the time the events took place. (ECF No. 132, PageID.1116–17).  The Court will refer to the victims as MV-1 and MV-2. Counts one and eight pertain to MV-2, and counts two, three, four, five, and seven pertain to MV-1. (ECF No. 99, PageID.676–81; ECF No. 126, PageID.1102–04).  Both MV-1 and MV-2 testified at trial.

After his conviction, Austin moved for acquittal under Federal Rule of Criminal Procedure 29 on all counts. (ECF No. 132, PageID.1119–21).  Austin claimed the evidence presented was insufficient for a rational jury to convict him. (*Id.*).  In the alternative, Austin requested that the Court vacate his judgment and grant him a new trial under Federal Rule of Criminal Procedure 33. (*Id.* at PageID.1118).

## II.     Legal Standard

Under Federal Rule of Criminal Procedure 29(c), a defendant may move for a judgment of acquittal after a jury issues a guilty verdict.  By filing a Rule 29 motion, a defendant challenges "the sufficiency of the evidence" used to convict them. *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (quoting *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996)).  "'[T]he standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime[.]'" *Kuehne*, 547 F.3d at 696 (quoting *Jones*, 102 F.3d at 807).  If the court finds the evidence insufficient under this standard, it "may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2).

In deciding a Rule 29 motion, a court "must draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Robinson*, 99 F.4th 344, 353 (6th Cir. 2024) (citation omitted).  The reviewing court "may conclude a conviction is supported by sufficient evidence even though the circumstantial evidence does not remove every reasonable hypothesis except that of guilt." *Jones*, 102 F.3d at 807 (citation omitted).  Accordingly, the defendant "bears a very heavy burden" to prevail on a Rule 29 motion. *Robinson*, 99 F.4th at 354 (citation omitted).

Federal Rule of Criminal Procedure 33 allows a court, upon a defendant's motion, to vacate a judgment and order a new trial "if the interest of justice so requires." Rule 33(a).  A court may grant a Rule 33 motion if the jury's verdict "was against the manifest weight of the evidence." *Robinson*, 99 F.4th at 367 (citation omitted); *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007).   Rule 33 motions are generally granted only in extraordinary circumstances. *Hughes*, 505 F.3d at 592–93.

### III.   Analysis

**A.     The Government Presented Sufficient Evidence to Convict Austin of All Counts Related to MV-2.**

Austin argued that the evidence was insufficient to convict him of attempted sexual exploitation and attempted coercion and enticement of MV-2, counts one and eight. (ECF No. 132, PageID.1119).  Namely, Austin argued that the Government failed to prove (1) that Austin was the individual allegedly communicating with MV-2; (2) that Austin knew MV-2 was a minor to satisfy count one; and (3) that Austin actually violated Texas Penal Code Ann § 21.11(a)(1) as required to prove count eight. (*Id.* at PageID.1119–21).  The Court finds Austin's arguments meritless.

To start, Austin argued that no rational trier of fact could find him guilty of either count given MV-2's failure to identify him at trial as the individual she was allegedly communicating with. (ECF No. 132, PageID.1119).   Although the Government presented circumstantial evidence that Austin was the individual in

question, the evidence was insufficient, without MV-2's positive identification, to convict. (*Id.*).  The Government responded that it offered an "enormous amount of proof" at trial for a jury to identify Austin as the perpetrator and pointed to specific examples. (ECF No. 134, PageID.1137–40).

The Court agrees with the Government; there is more than enough evidence identifying Austin to support the jury's verdict on counts one and eight.  Law enforcement officers testified that they discovered the conversations between Austin and MV-2 on cell phones recovered from Austin's car.  The phones included text messages sent where Austin identified himself with information such as his name, address, birthday, email and social security number. Gov't Ex. 6a, pg. 6.  They also contained photographs of Austin himself, his passport, and his driver's license. *Id.* at pgs. 8–12.  Critically, a screenshot recovered from his phone showed not only a selfie of Austin but also a picture of MV-2 in the corner. Gov't Ex. 3a, pg. 3.  A rational jury could therefore find that the phones belonged to Austin, and that he used them to communicate with MV-2.

Other circumstantial evidence demonstrates that MV-2 communicated with Austin.  MV-2 testified that Austin referred to himself as "Michael" when interacting with her, and she referred to him by that name in their messages. Gov't Ex. 3b, pg. 440. "Michael" is Austin's middle name. Gov't Ex. 6a, pgs. 6, 8–9. In addition, the other minor victim, MV-1, positively identified Austin as the person she

5

communicated and met up with.   Austin's communication style with MV-1 is reflected in his messages with MV-2.  He asked both MV-1 and MV-2 to call him "daddy" and attempted to establish dominance over both. Gov't Ex. 3b, pg. 2; Gov't Ex. 3v, pgs. 6, 10, 24.   Austin also used the same WhatsApp account in communications with MV-1 and MV-2. Gov't Ex. 6b, pg. 1; Gov't Ex. 6h, pg. 1. Ultimately, the fact that MV-2 failed to identify Austin in open court as the individual she communicated with is not dispositive; the circumstantial evidence identifying him as the individual communicating with MV-2 was overwhelming.

Likewise, the Government presented sufficient evidence to prove Austin knew or believed MV-2 was a minor as required by § 2251(a).  On April 4, 2021, MV-2 told Austin she was "still 14" in response to his repeated request for her to take a video of her genitals. Gov't Ex. 3q, pgs. 97–104.  After she said that, Austin continued to attempt to solicit sexually explicit images.  On April 8, 10, and 12, 2021, Austin requested that MV-2 send him sexually explicit images of her vagina. Gov't Ex. 3b, pgs. 145–48, 223, 357.  Later, on April 14, 2021, MV-2 revealed that she was a sixth grader; that she was born in 2008; and that she was 12 years old. *Id.* at pgs. 416–19.  Austin continued to message her after that revelation.

The messages highlighted above represent a small sample of what Austin sent MV-2 after discovering she was a minor.   The Government presented those messages, as well as a tranche of others, to the jury.  The evidence shows that Austin

6

attempted to persuade MV-2 to make visual depictions of sexually explicit conduct, knowing or believing that she was a minor.  Because Austin's knowledge or belief about MV-2's age is an essential element of § 2251(a), a rational jury could convict him of count one.

Austin attempted to undermine the Government's evidence by arguing that MV-2 had a "propensity of falsity in the chats" such that it would have been difficult for him to truly believe she was a minor. (ECF No. 132, PageID.1120).  According to Austin, MV-2 demonstrated a propensity of falsity by not being "forthcoming about her age" and sending photographs from the internet that she represented as herself. (*Id.*).  The implication is that a rational jury could not find MV-2's claims about her age credible because of her misrepresentations.

But this argument cuts against the weight of the evidence.  Tellingly, MV-2 always represented that she was a minor, even if she initially misrepresented her exact age.  Beyond MV-2 explicitly stating that she was fourteen and later clarifying that she was twelve, Austin knew that MV-2 lived with her parents and that her mom restricted phone use at night and when MV-2 had exams. Gov't Ex. 6y, pg. 6, 8.  Considering the evidence in the light most favorable to the prosecution, a rational jury could infer that Austin knew, or at least believed, that MV-2 was a minor.

Next, Austin claimed that because he never met MV-2 in person and MV-2 never engaged in sexual contact with him, the Court must acquit him of count eight.

(*Id.* at PageID.1120–21).  Count eight alleged a violation of § 2422(b). (ECF No. 99, PageID.681).   Section 2422(b) punishes criminally any person who attempts to "knowingly persuade[], induce[], entice[], or coerce[]" another to engage in . . . any sexual activity for which any person can be charged with a criminal offense." § 2422(b).  Here, the Government alleged that Austin attempted to engage in sexual contact with a child younger than 17 years of age, which is a criminal offense in the state of Texas. *See* Tex. Penal Code § 21.11(a)(1).

Contrary to Austin's argument, the Government did not need to prove that Austin actually violated Texas Penal Code § 21.11(a)(1) for a jury to convict him under 18 U.S.C. § 2242(b).  Section 2422(b) does not require completion of the underlying criminal offense, merely an attempt. *United States v. Jakits*, 129 F.4th 314 (6th Cir. 2025) is directly on point.  There, the Sixth Circuit affirmed the defendant's conviction under § 2422(b) based on the defendant's attempt to have minor victims engage in "sexually explicit conduct" on a videocall. *Id.* at 326–27. Because the defendant "could have been charged with violating [state law] had the call materialized, his efforts to persuade the minors to participate in the videocall qualified as 'any sexual activity for which any person can be charged with a criminal offense' under 18 U.S.C. § 2422(b)." *Id.* at 327.  The same is true here. If Austin had engaged in sexual conduct with MV-2 as intended, he could have been charged with an offense under Texas Penal Code § 21.11(a).  Thus, his attempt to have sexual

contact with MV-2 in violation of § 21.11(a) is grounds for his conviction under 18 U.S.C. § 2422(b).

Plus, as a general matter, Court finds the Government presented sufficient evidence that Austin attempted to engage in sexual contact with a child under 17 years of age.  After MV-2 informed Austin that she was 12 years old, he asked for her address multiple times. Gov't Ex. 3s, pgs. 93, 97.  His intention in asking for MV-2's address is transparent: He wanted to meet MV-2 in person to engage in sexual acts with her. Gov't Ex. 3s, pg. 106, 114, 125.  For all of the reasons stated above, then, the Court will deny Austin's motion for acquittal on counts one and eight.

### B.      The Government Presented Sufficient Evidence to Convict Austin of All Counts Related to MV-1.

Austin argued the evidence presented was insufficient to convict him on counts two, three, four, five, and seven. (ECF No. 132, PageID.1121).  First, Austin argued the Government presented insufficient evidence to satisfy the elements of counts two and three. (*Id.*).  Both counts charged Austin with violations of § 2251(a). (ECF No. 99, PageID.677–78).  According to Austin, the Government's evidence could not overcome the fact that he and MV-1 were in a consensual relationship. (ECF No. 132, PageID.1121).  As a result, the Government could not prove beyond a reasonable doubt a key requirement of § 2251(a): that Austin employed, used, persuaded, induced, enticed, or coerced MV-1 into creating the sexually explicit

content. (*Id.*).  Put differently, Austin did not exert "some type of illicit pressure" as implied by the statutory 'motivation factors." (*Id.*).  Instead, MV-1 consented to making the explicit content Austin requested. (*Id.*).

Austin's argument implies that consent is a defense to the § 2251(a) charges in counts two and three.  But that is not the case in the Sixth Circuit.  A minor may not legally consent to being sexually exploited for § 2251(a) purposes. *See United States v. Sibley*, 681 Fed. App'x 457, 461 (6th Cir. 2017) (affirming jury instruction that read a "minor may not legally consent to being sexually exploited").  So MV-1's consent "is irrelevant" to whether Austin employed, used, persuaded, induced, enticed, or coerced MV-1 into sending sexually explicit images. *Id.*  Accordingly, the Government had no burden to disprove the nature of Austin's and MV-1's relationship.

And the Court finds the Government presented sufficient evidence that Austin used or employed MV-1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.  For count two, MV-1 testified that she engaged in sexually explicit conduct and created pictures videos at Austin's request during the relevant time period.  The messages between Austin and MV-1 reflect her testimony. Gov't Exs. 6aa-6oo.  As relevant to count three, messages dated on or around November 16, 2021 demonstrate that Austin employed or used MV-1 to create sexually explicit images. Gov't Ex. 6h, pg. 10–15.  Overall, based on MV-1's

10

testimony and the messages presented, a rational jury could find Austin guilty on counts two and three.

A rational jury could also find that the other verbs used in the statute "persuade, induce, entice, or coerce" – applied given MV-1's testimony about the nature of her relationship with Austin and text messages from Austin demanding her subservience and compliance. Gov't Ex. 6h, pg. 38; Gov't Ex. 6s, pg. 1–2; Gov't Ex. 6u.   During the relevant time periods, Austin called MV-1 his "sex slave" and instructed her to call him "daddy" and "master."  Gov't Ex. 6h, pg. 39; Gov't Ex. 6x, pg. 10–11.   Such language, directed at a minor, and instructions, often occurred simultaneously with Austin asking MV-1 to create sexually explicit content for him.

Austin also challenged his conviction on counts four, five, and seven on a sufficiency basis. (ECF No. 132, PageID.1121).   Count four charged Austin with distribution of child pornography on or about November 24, 2021. (ECF No. 99, PageID.678–79).   Count five charged Austin with attempted sexual exploitation of children on or about December 11, 2021. (*Id.* at PageID.679).   Count seven charged Austin with possession of child pornography on or about December 28, 2021. (*Id.* at PageID.680).

The thrust of Austin's arguments as to counts four, five, and seven is that the incriminatory evidence recovered from his cell phones could have been "placed

11

there by anybody with access to the phones." (ECF No. 132, PageID.1121).  Because MV-1 "seemed to have some sort of access to the phones," and the phones were "located within MV-1's purview in the vehicle" when police stopped Austin and MV-1 in late December 2021, Austin suggested that MV-1 placed the evidence on the phones. (*Id.* at PageID.1117, 1121).

But the argument that MV-1 could have placed the images on the phones is unfounded.  At the time the messages relevant to counts four and five were sent, MV-1 was living in Minnesota and Austin was in Michigan according to the date and time stamps on the message. Gov't Ex. 6h, pgs. 67–68; Gov't Ex. 3v, pg. 2.  Austin offered no evidence MV-1 could somehow manipulate Austin's phones when she was later with him to create and backdate these messages.  Accordingly, a jury could reasonably find that Austin was responsible for the messages sent and received on his own devices.

The jury also had sufficient evidence to convict Austin of count seven.  The facts show that Austin could access child pornography produced by MV-1 through his gallery or within applications on his phone.  MV-1 identified herself in the sexually explicit images recovered from Austin's phones at trial.  The record is replete with those sexually explicit images. Gov't Ex. 6h, pgs. 14; Gov't Ex. 3v, pg. 5, 15; Gov't Ex. 6pp.  Again, the idea that MV-1 would upload the images,

12

unbeknownst to Austin, is inconsistent with the weight of the evidence presented. Instead, the jury found that Austin possessed these images knowingly.

Overall, the Court finds the Government presented sufficient evidence for a rational jury to convict Austin of all counts.

### C.  Austin's Rule 33 Motion is Denied.

A motion for a new trial "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).  Here, Austin filed his motion after the fourteen-day deadline passed, so the motion is untimely.

But even if the motion was timely filed, the Court would still deny it on the merits.  Austin argued that he is entitled to a new trial because the jury's verdict was against the manifest weight of the evidence. (ECF No. 132, PageID.1118–19). "A district judge, in considering the weight of the evidence for purposes of adjudicating a motion for new trial, may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *Hughes*, 505 F.3d at 593.

Here, the Court observed the testimony of both minor victims and reviewed the same electronic evidence presented to the jury.  Given that the testimony of the minor victims was corroborated by the electronic evidence, and vice versa, the Court finds the testimony credible.  Plus, the electronic evidence itself is unassailable.  Law enforcement testified as to its retrieval, and the Court has no reason to doubt that

13

such evidence came from phones recovered from Austin.  Overall, the Court finds that the weight of the evidence supports the jury's verdict.  To grant Austin a new trial would not serve the interests of justice.

For all of the reasons explained, the Court will deny Austin's motion in its entirety.

* * *

For the reasons given, the Court **ORDERS** that the motion for judgment of acquittal or in the alternative a new trial (ECF No. 132) is **DENIED**.

Dated: May 7, 2026                          s/Robert J. White_____
                                            Robert J. White
                                            United States District Judge